

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HENISI UTSLER,<br><br>Defendant. | Case No. CR 24-570-WLH-59<br><br>ORDER OF DETENTION |

I.

On October 2, 2024, Defendant Henisi Utsler made her initial appearance on the Indictment filed in this matter. Oliver Cleary, a member of the Indigent Defense Panel, was appointed to represent Defendant. The government was represented by Assistant United States Attorney Bruce Riordan. At Defendant's request, the

detention hearing was continued to October 9, 2024 and held on that date. The government was represented by Assistant U.S. Attorney Reema El-Amamy.

☒   On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒   On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

## II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

## III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered the information presented at the hearing, the arguments of counsel, and the report and recommendation prepared by U.S. Probation and Pretrial Services.

## IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

- ☒ History of substance use
- ☒ The Indictment charges Defendant with conspiracy to distribute and possess with intent to distribute controlled substances and conspiracy to commit bank fraud (alleged submission of false PPP applications).
- ☒ Inconsistent information regarding Defendant's financial resources and residence: Defendant states that she lives with her mother and stepfather and contributes to household expenses; Defendant's mother states that Defendant has not lived with her for many years, is homeless and does not contribute financially.
- ☒ Defendant is currently on probation for a firearms possession offense and is alleged to have committed the offenses charged in the indictment while on probation.
- ☒ use of multiple aliases and name variations
- ☒ insufficient bail resources – The proposed surety interviewed by Pretrial Services is not a viable surety.

As to danger to the community:

- ☒ allegations in the Indictment (see above)
- ☒ Criminal History includes felony convictions for narcotics related offenses in 2011, 2013, and 2014, grand theft auto in 2009 and 2018, burglary in 2019, fraud in 2022, and numerous misdemeanor convictions and law enforcement contacts; Defendant is on probation for burglary and committed the offenses alleged while on probation.
- ☒ history of substance abuse

## V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: October 9, 2024

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE